KELLOGG vs. CONNER and others.

Where the owner of the equity of redemption, in lands subject to a prior mortgage, again mortgaged them to a trustee in trust to secure the payment of ·debts due to different persons, and afterwards assigned the equity of redemption, in trust, for the payment of his debts, giving preferences to debts not provided for in the second mortgage ; and the premises were afterwards sold under a decree in a foreclosure suit upon the first mortgage, and one of the creditors whose debt was provided for in the second mortgage, afterwards purchased the equity of redemption from the assignees, and redeemed the premises from the master's sale, under the act of May, 1837, concerning the sale of real estate by mortgage ; *Held*, that as the purchaser of the equity of redemption from the assignees was under no legal or even equitable obligation to redeem for the benefit of his co-cestui que trusts in the second mortgage, his redemption of the mortgaged premises was neither at law nor in equity a redemption for their benefit.

*Held further*, that if the trustee to whom the second mortgage was given had redeemed, his redemption would, in equity, have been a redemption for the benefit of himself and all the other creditors whose debts were provided for in that mortgage.

*Held also*, that a subsequent offer of the second mortgagee to redeem from the purchaser of the equity of redemption, who had previously redeemed, gave no rights to the second mortgagee ; as the amendatory act of April, 1838, gave to the redeeming assignee of the equity of redemption all the title of the original purchaser at the master's sale, without making any provision for a redemption from him by a prior mortgagee, or judgment creditor.

THIS was an application on the part of the complainant August 1. for a new trial of an issue awarded by this court.

Jacob Conner was the owner of certain premises, subject to two mortgages thereon to Ida Thorn, previous to November, 1837. On the first of November, 1837, he mortgaged the premises again to Josiah Kellogg, the complainant, in trust, to secure $550 due to the mortgagee, $180 to H. Loveland, $200 to J. Mundell, $100 to the defendant John Naylor, $141,62 to G. Chaun, and $107,12 to W. M. Udall. The administrator of Ida Thorn foreclosed the two first mortgages upon the premises and obtained a decree of sale, in April, 1838. On the 8th of February, 1838, Conner assigned the equity of redemption in the mortgaged premises to Bergen and Hegeman, together with

1843.

Kellogg
v.
Conner.

all his other property, in trust for the payment of his debts ; giving preference in payment to debts not secured by the mortgage to Kellogg. In June, 1838, the premises were sold under the decree of foreclosure and bid in by Hatheway for $1950. And Naylor having been erroneously advised by his counsel, who probably had not seen the amendatory act of April, 1838, that Kellogg, the mortgagee and trustee, could not redeem the premises under the act of May, 1837, concerning the sale of real estate by mortgage, purchased the equity of redemption, from the assignees of Conner, for the sum of $3800 ; and then, as the owner of such equity of redemption, Naylor, in May, 1839, redeemed the premises from the sale made by the master in June, 1838 ; and the certificate of the master was duly executed and filed as directed by the statute.

The complainant alleged in his bill that Naylor paid the sum of $2120,63, the redemption money, to the master, and redeemed the mortgaged premises to and for the use, benefit, and behoof of himself and the complainant and of all the other persons mentioned in the condition of the bond and mortgage to Kellogg. This allegation in the bill being put in issue by the answer of the defendants, the issue was awarded as to the fact thus alleged ; which issue was decided in favor of the defendants.

*S. G. Huntington,* for the complainant.

*J. Dikeman, Jun.* for the defendants.

THE CHANCELLOR. Naylor was not the trustee for Kellogg, nor was he under any legal or equitable obligation to redeem the mortgaged premises for the benefit of Kellogg, although Naylor was one of the cestui que trusts for whose benefit Kellogg took the junior mortgage upon the premises. If Kellogg the trustee had redeemed by virtue of the trust mortgage, it would undoubtedly have been, in equity, a redemption for the benefit of all the cestui que trusts, in proportion to their respective debts, after paying the re-

demption money and interest ; as it would have been inconsistent with his trust to redeem for his own benefit exclusively. Naylor, however, as the owner of the equity of redemption for which he had agreed to pay the assignees $3800, was under no obligation to protect the rights of the prior mortgagee ; as he had no duty to perform towards any of the creditors of Conner whose debts were secured by the mortgage given to the complainant.

The only question for the jury to determine, therefore was, whether Naylor did in fact redeem, either by agreement or otherwise, for the use and benefit of the complainant and the other creditors whose debts were secured by that mortgage. And upon that point I think the jury came to the correct conclusion, that he did not.

The disposition of the purchase money of the equity of redemption which Naylor agreed to pay to the assignees of Conner, was a matter with which the complainant had no concern, as no part of that money belonged to him. It belonged to the creditors of Conner who were preferred in the assignment ; and if the assignees have misapplied it, in paying the debts of Naylor and others which were not preferred, the preferred creditors will have the right to call the assignees to account for such a misapplication of the proceeds of their sale of the equity of redemption to Naylor ; but it cannot give Kellogg the benefit of Naylor's redemption.

Neither could Kellogg's subsequent offer to redeem make Naylor's previous redemption enure to his benefit. For, by some inadvertence, the 5th section of the amendatory act of April, 1838, gives the redeeming assignee of the equity of redemption all the title of the original purchaser at the master's sale, without making any provision for a redemption from him by a prior mortgagee, or judgment creditor.

The motion for a new trial must therefore be denied with costs.